NO.
12-07-00101-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

BERTHA MAE JACKSON, §                      APPEAL FROM THE THIRD

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      ANDERSON
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

PER CURIAM

            Bertha Mae Jackson appeals the
revocation of her deferred adjudication community supervision, following which
she was sentenced to imprisonment  for
two years.  Appellant’s counsel filed a
brief in compliance with Anders v. California, 386 U.S. 738, 87
S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and Gainous v. State, 436
S.W.2d 137 (Tex. Crim. App. 1969).  We
affirm.

                                                

Background

            Appellant
was charged by indictment with possession of less than one gram of cocaine and
pleaded “guilty.”  The trial court
deferred finding Appellant guilty and placed her on community supervision for
five years.

            On
October 25, 2006, the State filed a motion to revoke Appellant’s community
supervision.  In its motion, the State
alleged that Appellant had violated eleven of the terms and conditions of her
community supervision.  On January 19,
2007, the trial court conducted a hearing on the State’s motion.  At the hearing, Appellant pleaded true to the
allegations in the State’s motion.[1] 
Following the presentation of evidence, the trial court found the
allegations to which Appellant pleaded “true” were true, revoked Appellant’s
community supervision, adjudicated Appellant “guilty,” and sentenced Appellant
to imprisonment for two years.  This
appeal followed.

 

Analysis
Pursuant to Anders v. California

            Appellant’s
counsel filed a brief in compliance with Anders and Gainous.  Appellant’s counsel states that he has
diligently reviewed the appellate record and is of the opinion that the record reflects
no reversible error and that there is no error upon which an appeal can be
predicated.  He further relates that he
is well acquainted with the facts in this case. 
In compliance with Anders, Gainous, and High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978), Appellant’s brief
presents a chronological summation of the procedural history of the case and
further states that Appellant’s counsel is unable to raise any arguable issues
for appeal.[2]  We have
likewise reviewed the record for reversible error and have found none.

                                                                                                            

Conclusion

            As
required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App.
1991), Appellant’s counsel has moved for leave to withdraw.  We carried the motion for consideration with
the merits.  Having done so and finding
no reversible error, Appellant’s counsel’s motion for leave to withdraw is
hereby granted and the trial court’s judgment is affirmed.

Opinion
delivered January 9, 2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)











[1] The trial court stated on the record that it
would denote “not true” pleas to allegations involving payment.  From our review of the State’s motion, there
are five allegations that Appellant failed to make payments as a term or
condition of her community supervision. 





[2]
Counsel for Appellant certified in his motion to withdraw that he provided
Appellant with a copy of this brief and that Appellant was given time to file
his own brief in this cause.  The time
for filing such a brief has expired and we have received no pro se brief.